IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL G. BLESSING, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-21-DWD |
| ) | |
| MICHAEL A. RICHARDSON, ) | |
| and 1ST ELITE TRUCKING, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

The parties have filed a Joint Motion to Consolidate Cases (Doc. 14), asking the Court to transfer this case to the United States District Court for the Northern District of Illinois and consolidate it with *Michael Richardson v. Darrell Blessing, et al.*, Case No. 1:20-cv-04882, a case now pending in that judicial district. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

The subject claims arose out of a motor vehicle accident that occurred on October 23, 2019, between Darrell Blessing and Michael Richardson in LaSalle County, Illinois within the territory of the United States District Court for the Northern District of Illinois. On October 20, 2020, Mr. Richardson filed suit in the United States District Court for the Northern District of Illinois, Case No. 1:20-cv-04882, against Mr. Blessing and MG Logistics, Inc. for their alleged negligence arising out of the accident ("*Richardson v. Blessing*"). Later, on October 25, 2021, Mr. Blessing separately filed suit in the Circuit Court of Madison County, Illinois, Case No. 2021-L-001281, against Mr. Richardson and

1st Elite Trucking, Inc. for their alleged negligence arising out of the same accident. On January 6, 2022, Defendants removed Mr. Blessing's state case to this Court on the basis of diversity jurisdiction.

The parties now seek to transfer this case to the Northern District of Illinois and consolidate it with *Richardson v. Blessing*. The Court finds that transfer in this case is appropriate under 28 U.S.C. § 1404(a). *See* 28 U.S.C. § 1404(a) (the court has discretion to transfer a case to a "district … where it might have been brought or … to which [the] parties have consented" if that is more "convenien[t]" for those involved and is otherwise "in the interest of justice."). Accordingly, the request to transfer this action to the Northern District of Illinois will be granted.

The Court, however, will not grant the parties request for consolidation. Consolidation is largely a matter of discretion and, in part, a way for a court to manage its own docket. It is better left for the court which is hearing the matter to determine whether consolidation will foster judicial economy as to its docket. The parties may raise any consolidation arguments before the transferee court. Therefore, the motion to consolidate will be denied without prejudice to refiling once transfer of venue is complete.

Based on the foregoing, the parties Joint Motion to Consolidate Cases (Doc. 14) is **GRANTED IN PART AND DENIED IN PART.** The Clerk of Court is **DIRECTED** to transfer this case to the United States District Court for the Northern District of Illinois.

The motion to consolidate is **DENIED** without prejudice to refiling once transfer of venue is complete.

**SO ORDERED.**

Dated: February 4, 2022

_____
DAVID W. DUGAN
United States District Judge